O

# United States District Court
# Central District of California

| | |
|---|---|
| ALEKSEI SERGEYEVICH VORONIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General, et al.,<br><br>    Defendants. | Case № 2:20-cv-07019-ODW (AGRx)<br><br>**ORDER GRANTING MOTION TO DISMISS [17]** |

## I.   INTRODUCTION

Plaintiff Aleksei Sergeyevich Voronin, a foreign national lawfully present in the United States as an asylee, brings this action to challenge the denial of his application for status as a lawful permanent resident.  (*See* Compl., ECF No. 7.)  Voronin asserts claims for declaratory and injunctive relief against Defendants Merrick B. Garland as U.S. Attorney General, Alejandro Mayorkas as Secretary of the U.S. Department of Homeland Security ("DHS"), Tracy Renaud as the Senior Official Performing the Duties of Director of the U.S. Citizenship and Immigration Services ("USCIS"), and Lory C. Torres as District Director of the USCIS, Los Angeles Field Office.[1]  (*Id.*)

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Merrick B. Garland was automatically substituted for his predecessors, Jeffrey A. Rosen and William P. Barr; Alejandro Mayorkas was automatically substituted for his predecessor, Chad Wolf; Tracy Renaud was automatically substituted for her predecessor, Kenneth Cuccinelli; and Lory C. Torres was automatically substituted for her predecessor, Corrina A. Luna.

Defendants move to dismiss Voronin's second and third causes of action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 17.) The Motion is fully briefed. (*See* Mot.; Opp'n to Mot. ("Opp'n"), ECF No. 18; Reply ISO Mot. ("Reply"), ECF No. 19.) As explained below, the Motion is **GRANTED**.[2]

## II. BACKGROUND

"[A]round June or July of 2015," Voronin worked for a few months as an independent contractor "handyman" for a medical marijuana cultivation and distribution facility called LA Wonderland Caregivers ("Wonderland"). (Compl. ¶¶ 24–25.) Voronin alleges "he was paid $2000 per month and . . . he did not perform work on a daily basis for Wonderland," but that his job "involved the purchase, installation, and training in the use of video surveillance equipment for [Wonderland]." (*Id.*) Voronin also alleges that "a requirement for him to perform work on the premises was a California State regulation that he become a member of Wonderland's marijuana collective." (*Id.* ¶ 25.) "Although this membership allowed him to receive 6 or 7 marijuana plants, he never accepted them and he was never involved in any aspect of the growing, selling or processing of marijuana." (*Id.*)

Wonderland was licensed by the state of California to distribute, but not to grow marijuana. (*Id.* ¶ 26.) Consequently, on October 1, 2015, local authorities raided Wonderland for violating California Health and Safety Code section 11358[3] and arrested everyone on the premises, including Voronin. (*Id.*) Voronin claims he did not know Wonderland was not licensed to grow, and he "steadfastly maintained his

---

[2] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

[3] California Health and Safety Code section 11358 sets forth penalties for "[e]ach person who plants, cultivates, harvests, dries, or processes cannabis plants, or any part thereof, except as otherwise provided by law."

innocence as to any marijuana related charges," but he pled guilty to three violations of a zoning regulation, Los Angeles Municipal Code section 12.21(A)(1)(a).[4] (*Id.*)

Meanwhile, on June 1, 2015, Voronin had filed a Form I-485 ("Application") to adjust his status from asylee to lawful permanent resident. (*See* USCIS Decision 1, ECF No. 7–1.)[5] USCIS interviewed Voronin on three separate occasions regarding his Application, and at the third interview on September 25, 2018, Voronin informed USCIS about all of the above. (Compl. ¶ 23.) Then, on June 11, 2019, USCIS sent Voronin a Notice of Intent to Deny ("NOID") his Application, citing Immigration Nationality Act ("INA") § 212(a)(2)(C) as the basis for the intended denial. (*See* USCIS Decision 2.) Voronin responded to the NOID on July 3, 2019, and USCIS ultimately issued its Decision denying the Application on October 7, 2019. (*Id.*)

INA § 212(a)(2)(C) provides in relevant part:

> (C) Any alien who the consular officer or the Attorney General knows or has reason to believe—
>
> (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; . . .
>
> is inadmissible.

8 U.S.C. § 1182(a)(2)(C) (codifying INA § 212(a)(2)(C)).

---

[4] Los Angeles Municipal Code section 12.21(A)(1)(a) provides, "No building . . . shall . . . be used or designed to be used for any use other than is permitted in the zone in which such building . . . is located and then only after applying for and securing all permits and licenses required by all laws and ordinances."

[5] "Certain written instruments attached to pleadings may be considered part of the pleading." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing Fed. R. Civ. P. 10(c)). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* The document is then treated as part of the complaint and its contents are considered true for the motion to dismiss. *Id.* Here, the USCIS Decision is incorporated by reference into the Complaint because Voronin refers extensively to the USCIS Decision, and the USCIS Decision forms a substantial basis for Voronin's claims. (*See generally* Compl.)

The Decision explains that "[n]otwithstanding the legalization of recreational and medical marijuana under California law, USCIS is required to apply federal law in adjudicating eligibility for federal immigration benefits, and the sale of marijuana." (USCIS Decision 3.) And under federal law, marijuana remains a Schedule I controlled substance. (*Id.* (citing 21 U.S.C. § 812(c)).) Thus, "[b]ased on [Voronin's] testimony and the documentation [he] provided," USCIS determined Voronin was inadmissible pursuant to INA § 212(a)(2)(C)(i) and denied the Application, "as there [wa]s reason to believe [he has] aided, abetted, assisted, conspired[,] or colluded in the illicit trafficking of marijuana." (*Id.* at 5; Compl. ¶ 4.)

Voronin appealed the Decision by filing a Form I-290B Notice of Appeal or Motion to USCIS, but that request for reconsideration was denied on March 26, 2020. (Compl. ¶ 5.) Then, on April 14, 2020, Voronin filed a Petition for Review before the U.S. Court of Appeals for the Ninth Circuit, and Defendants unsuccessfully moved to dismiss the petition for lack of subject matter jurisdiction. (*Id.* ¶ 6.) Defendants sought reconsideration of that denial, and Voronin then agreed to a transfer of the case to this Court, which occurred on April 14, 2020. (*Id.* ¶ 7.)

Post-transfer, Voronin filed the Complaint in this action on October 5, 2020. He asserts three claims for declaratory and injunctive relief, alleging that the Decision (1) is arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* ("APA"); (2) is based on an unconstitutionally vague statute (namely, INA § 212(a)(2)(C)); and (3) violates the Equal Protection Clause of the U.S. Constitution. (*See generally* Compl.) Now, Defendants move to dismiss only the second and third claims under Rule 12(b)(1) and Rule 12(b)(6), respectively. (*See generally* Mot.)

### III. LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When a motion to dismiss attacks subject-

matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). The party asserting jurisdiction bears the burden of showing that federal jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court may also dismiss a complaint under Rule 12(b)(6), for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A court dismissing a complaint should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilly Enters. v. Atl. Richfield*

*Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. DISCUSSION

Defendants move to dismiss Voronin's void-for-vagueness claim under Rule 12(b)(1) for lack of subject-matter jurisdiction, and his Equal Protection Clause claim under Rule 12(b)(6) for failure to state a claim. (*See* Mot.; Reply.) The Court addresses each issue in turn.

### A. Void for Vagueness (Claim Two)

Voronin's second cause of action seeks a declaration that INA § 212(a)(2)(C) is void because it is unconstitutionally vague as applied to Voronin. (Compl. ¶¶ 41–45.) Defendants move to dismiss this claim, arguing that the Court lacks subject-matter jurisdiction over all void-for-vagueness challenges to admissibility statutes in the INA. (Mot. 7.)

"The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct." *Jordan v. De George*, 341 U.S. 223, 230 (1951). Because immigration admissibility statutes do not typically "criminalize" conduct, some courts (including the Ninth Circuit) have expressed doubt over whether such statutes can be challenged for vagueness at all. *See, e.g.*, *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 n.8 (9th Cir. 2003) ("[W]hile the Supreme Court has allowed aliens to bring vagueness challenges to *deportation* statutes, [*see Jordan*], an alien may not have the same right to challenge *exclusion* provisions such as INA § 212(a)(2)(C)." (emphases added) (citing *Belsic v. I.N.S.*, 265 F.3d 568, 571 (7th Cir. 2001))); *see also Jordan*, 341 U.S. at 230 (distinguishing criminal statutes from deportation statutes, which merely "apprise aliens of the consequences which follow after conviction and sentence of . . . crimes").

Notwithstanding those doubts, the Ninth Circuit has also *rejected* the argument that "the void-for-vagueness doctrine does not apply at all to any ground of inadmissibility." *See Martinez-de Ryan v. Whitaker*, 909 F.3d 247, 251 (9th Cir. 2018)

1  (electing to consider the merits of a void-for-vagueness challenge to the phrase "moral
2  turpitude" in an admissibility statute). Furthermore, despite the Ninth Circuit's doubts
3  as to whether such a challenge could be brought in *Rojas-Garcia*, it also side-stepped
4  the issue there, as the court found that vagueness challenge to be "without merit" in any
5  event. *Rojas-Garcia*, 339 F.3d at 822 n.8.

6     As was the case in *Rojas-Garcia*, this Court need not decide whether *any* void-
7  for-vagueness challenge could be brought against INA § 212(a)(2)(C) because
8  Voronin's claim fails on the merits regardless. "A statute is void for vagueness if it
9  (1) does not define the conduct it prohibits with sufficient definitiveness and (2) does
10 not establish minimal guidelines to govern law enforcement." *Id.* at 822–23. "Only if
11 people of common intelligence must necessarily guess at the statute's meaning and
12 differ as to its application will a statute be invalidated." *United States v. Ayala*, 35 F.3d
13 423, 425 (9th Cir. 1994).

14    Here, the statute in question deems inadmissible "any alien who the consular
15 officer or Attorney General . . . *has reason to believe*" is a trafficker or knowing aider,
16 abettor, or conspirator in the trafficking of an illegal substance. 8 U.S.C.
17 § 1182(a)(2)(C) (emphasis added). A person of ordinary intelligence need not "guess"
18 at its meaning as applied to Voronin. Although a majority of states have begun
19 legalizing marijuana, it remains a Schedule I controlled substance under federal law.
20 *See* 21 U.S.C. § 812(c). Voronin knew that Wonderland cultivated and distributed
21 marijuana. (Compl. ¶ 24.) Yet he worked at Wonderland's grow facility for three to
22 four months and received a salary of $2,000 per month to install and maintain video
23 surveillance equipment. (*Id.* ¶ 25; USCIS Decision 2.) Based on Voronin's video
24 surveillance duties alone, the consular officer found "reason to believe" that he aided
25 and abetted the trafficking of marijuana because maintaining the surveillance system
26 ensured that Wonderland's facilities complied with California's laws for selling

marijuana.[6] (USCIS Decision 4.) Furthermore, Voronin was part of Wonderland's marijuana collective, and he pled guilty to three counts of zoning violations under Los Angeles Municipal Code section 12.21(A)(1)(a). (Compl. ¶¶ 25–26.) Considered altogether, these facts gave the consular officer "reason to believe" that Voronin knowingly assisted Wonderland's marijuana business. That such a business may be permitted under state law does not change the analysis.

In short, the Court finds that the INA section clearly puts a person of ordinary intelligence on notice that working for a marijuana growth facility over the course of several months, joining its marijuana collective, and pleading guilty to zoning violations for unpermitted marijuana cultivation can lead a consular officer to believe that this conduct aided the trafficking of marijuana. Voronin's vagueness challenge fails on the merits as a matter of law, and the Court finds that no amendment could cure this deficiency. *See Serra*, 600 F.3d at 1200. Voronin's void-for-vagueness cause of action is consequently **DISMISSED with prejudice**.

**B.     Equal Protection Clause (Claim Three)**

Voronin also asserts a claim under the Equal Protection Clause. (Compl. ¶¶ 47–52.) He contends that his "alienage places him in a suspect class" and that Defendants' enforcement of the INA statute violates the Equal Protection Clause because "there have been no criminal actions against state licensed marijuana facilities or personnel filed by a U.S. Attorney after January 4, 2018." (*Id.* ¶¶ 49–50.) Defendants move to dismiss under Rule 12(b)(6) because Voronin "conflates the prosecutorial discretion exercised by prosecutors . . . with the application of the [INA] to an individual seeking the privilege of lawful permanent residency." (Mot. 8.) Defendants are correct.

"The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.'" *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). To prevail, "a plaintiff must show

---

[6] California requires licensed cannabis facilities to "have a digital surveillance system." *See generally* Cal. Code Regs. tit. 16, § 5044 (2021).

that the defendant treated the plaintiff differently from similarly situated individuals." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012). "Only once this threshold showing is made may a court proceed to inquire whether the basis of discrimination merits strict scrutiny." *Id.*

Here, Voronin is not similarly situated to the broad population of non-aliens operating state-licensed marijuana businesses. (Compl. 49.) An alien seeking lawful permanent residency is subject to admissibility standards under the INA statute. In contrast, a non-alien is not subject to the INA in any event. For Voronin to be similarly situated, he would need to compare himself to other *aliens subject to the INA statute* who are not deemed inadmissible for the same offense. In addition, Voronin fails to show disparate treatment between himself and the class of individuals he identifies. Voronin complains that others associated with state-licensed marijuana businesses are not criminally prosecuted. (Compl. ¶¶ 49–50.) Yet Voronin is not being criminally prosecuted either. (*Id.* ¶ 50.) Because he has not made a threshold showing of disparate treatment among similarly situated individuals, Voronin's claim under the Equal Protection Clause fails. *See Pimentel*, 670 F.3d at 1106. Additionally, because no amendment could cure these fundamental deficiencies, *see Serra*, 600 F.3d at 1200, Voronin's third cause of action under the Equal Protection Clause is also **DISMISSED with prejudice**.

## V. CONCLUSION

In sum, Defendants' Motion is **GRANTED**. (ECF No. 17.) Voronin's second and third claims are **DISMISSED with prejudice**. Defendants must file their Answer to the remaining APA claim within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

April 20, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE